In re RAYTECH CORPORATION; Raymark Industries, Inc.; and Raymark Corporation, Debtors.

American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, PA, Plaintiffs,

v.

Laureen M. Ryan, Trustee, Chapter 11 Trustee of Raymark Industries, Inc. and Raymark Corporation, Raymark Industries, Inc., Raymark Corporation, Raytech Corporation, and Raybestos Products Company, Defendants.

Bankruptcy Nos. 89–00293, 98–51532, 98–51540.
Adversary No. 04–5013.

United States Bankruptcy Court, D. Connecticut.

Jan. 19, 2005.

Bruce Zabarauskas, Meltzer, Lippe, Goldstein & Schlissel, Mineola, NY, Daniel H. Golden, Akin, Gump, Strauss, Hauer & Feld, LLP, New York City, David M. Zensky, Akin Gump Strauss Hauer & Feld LLP, New York City, Elizabeth J. Austin, Pullman and Comley, Bridgeport, CT, Ellen S. Hoffman, Murtha Cullina LLP, Gale K. Busemeyer, Murtha, Cullina, Richter, and Pinney, Hartford, CT, James P. Chou Akin, Gump, Strauss, Hauer & Feld, New York City, Kenneth Pasquale, Stroock &

Stroock & Lavan, LLP, New York City, Konrad de Kerloy, Lovell White Durrant, London EC1A 2DY, Lissa J. Paris, Murtha, Cullina, Richter, and Pinney, Hartford, CT, Mary B. Tillona, The Dexter Corp., Windsor Locks, CT, Robert E. Kaelin, Murtha Cullina LLP, Robert A. White, Murtha, Cullina, Richter and Pinney, Hartford, CT, William N. Reed, Watkins, Ludlam, and Stennis, Jackson, MS, James D. Coleman, Van C. Durrer, II, Vincent J. Marriott, III, Ballard Spahr Andrews & Ingersoll, LLP, Salt Lake City, UT, William A. Slaughter, Ballard Spahr Andrews Ingersoll, Philadelphia, PA, C. Parkinson Lloyd, Ballard Spahr Andrews & Ingersoll, Salt Lake City, UT, for Debtors.

Anthony P. Schimaneck, Morgan, Hallgren, Crosswell & Kane, P.C., Lancaster, PA, Arthur S. Olick, Anderson, Kill, Olick, and Oshinsky, New York City, James C. Graham, Pepe and Hazard, Hartford, CT, Joshua W. Cohen, Pepe & Hazard, LLP, Konrad de Kerloy, Kristin B. Mayhew, Pepe & Hazard, Southport, CT, Marc S. Edrich, Pepe and Hazard, Hartford, CT, Keith N. Costa, Cohn, Birnbaum & Shea, New York City, Carl T. Gulliver, Coan Lewendon Gulliver & Miltenberger LL, New Haven, CT, Robert S. Evans, New Haven, CT, Mark I. Fishman, Pepe & Hazard, Southport, CT, Carolyn S. Schwartz, New Haven, CT, for Trustees.

Elihu Inselbuch, Peter Van N. Lockwood, Caplin and Drysdale, Washington, DC, Rita C. Tobin, Caplin & Drysdale, New York City, Robert S. Evans, New Haven, CT, Trevor W. Swett, III, Caplin & Drysdale, Chartered, Washington, DC, for Counter–Claimant.

David M.S. Shaiken, Shipman, Sosensky & Shaiken, LLC, Hartford, CT, Eric D. Freed, Cozen O'Connor, Eric L. Scherling, Philadelphia, PA, James C. Graham, Pepe and Hazard, Hartford, CT, Kevin M. Haas, Cozen O'Connor, Newark, NJ, Eric D. Freed, Cozen O'Connor, Philadelphia, PA, for Plaintiffs.

Arthur S. Olick, Anderson, Kill, Olick & Oshinsky, P.C., New York City, Charles J. Filardi, Jr., Pepe & Hazard, LLP, Southport, CT, James C. Graham, Pepe and Hazard, Hartford, CT, Kristin B. Mayhew, Pepe & Hazard, Southport, CT, James D. Coleman, C. Parkinson Lloyd, Ballard Spahr Andrews & Ingersoll, LLP, Salt Lake City, UT, Brian M. Cogan, Stroock Stroock & Lavan, LLP, New York City, C. Donald Neville, Murtha Cullina LLP, Hartford, CT, Daniel H. Golden, Akin, Gump, Strauss, Hauer & Feld, LLP, New York City, Elizabeth J. Austin, Pullman & Comley, Bridgeport, CT, LeGrande L. Young, Shelton, CT, Matthew J. Budzik, Murtha, Cullina, Richter, and Pinney, Robert A. White, Murtha, Cullina, Richter and Pinney, Hartford, CT, Brian D. Crist, George Plews, Jeffrey D. Claflin, Plews Shadley Racher & Braun, Indianapolis, IN, for Defendants.

## AMENDED ORDER GRANTING MOTION FOR PROSPECTIVE RELIEF

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiffs have moved under D. Conn L. Civ. R. 83.13(c), made applicable by D. Conn LBR 1001–1(b), for prospective relief that would authorize their law firm, Cozen O'Connor ("Cozen"), to continue to represent them even though an attorney in that firm is likely to testify as a witness in this adversary proceeding. Defendants Raytech Corporation and Raybestos Products Company (the "Objectors") have objected. For the reasons that follow, the motion is granted.

## Background

This adversary proceeding seeks a determination of the scope of an order entered by this court on January 23, 2002 (the "Raymark Injunction").[1] *See* 11 U.S.C. § 105(a). The Raymark Injunction approved a settlement of claims (the "Settlement") between Raymark Industries, Inc, Raymark Corporation, and American Home Assurance, a sister company of National Union, that deemed the American Home policies exhausted and enjoined any further actions against them. *See* Rule 9019, F.R.Bankr.P. Thereafter, Raybestos filed a third-party complaint against National Union in the District Court for the Southern District of Indiana in an action captioned *Reliance Ins. Co. Of Illinois v. Raybestos Products Co., et al.* (the "Indiana Action"). National Union responded in that action that Raybestos' complaint was precluded by the Raymark Injunction.

The plaintiffs filed this adversary proceeding on February 11, 2004 to enforce the Raymark Injunction, alleging that it bars Raybestos'· third-party complaint in the Indiana Action, or, in the alternative, seeking damages sustained for the alleged breach of a representation and warranty in the Settlement. On August 26, 2004, Defendant Laureen M. Ryan, Chapter 11 Trustee of Raymark Industries, Inc. and Raymark Corporation (the "Trustee") moved to stay this proceeding, so that she could seek a determination of the scope of the Settlement from the Southern District of Indiana. However, on September 10, 2004, the Indiana Action was stayed by that court, pending the resolution of this adversary proceeding. Accordingly, on September 27, 2004, the Trustee's motion was denied.

Cozen, which had previously represented the plaintiffs, has been retained to continue to represent them in this adversary proceeding. Kevin M. Haas, a Cozen attorney, is likely to testify at trial as a fact witness about his recollection of the negotiations leading to the Settlement. Attorney Haas will not represent the plaintiffs as trial counsel in this proceeding.

## Discussion

■ D. Conn L Civ. R. 83.13(a)-(b) provides that generally an attorney and that attorney's firm should not agree to represent a client if he or she will be will be called as a witness on that client's behalf, and, if after accepting such representation, an attorney learns that he or she will be called as a witness, the attorney and the firm should withdraw from the representation. The court has the discretion, however, to allow the attorney's firm to continue the representation.

### Discretion of Court To Provide Relief From This Rule When Lawyer In Same Firm Is Likely To Be A Witness.

The court may in the exercise of its sound discretion permit a lawyer to act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if disqualification of the lawyer would work substantial hardship on the client and permitting the lawyer to act as an advocate would not cause prejudice to opposing parties. D. Conn. L. Civ. R. 88.13(c).

### *Substantial Hardship*

■ The plaintiffs argue that disqualifying Cozen would cause them substantial

---

1. The factual background recited here is not intended to preclude any argument as to the merits of the instant adversary proceeding.

hardship. They point to the long and complex history of the Raytech Corp., Raymark Industries, Inc., and Raymark Corp. bankruptcy cases. *See, e.g., In re Raytech Corp.*, 222 B.R. 19 (Bankr.D.Conn.1998); *In re Raytech*, 217 B.R. 679 (Bankr. D.Conn.1998). The plaintiffs further note that Cozen attorney Eric D. Freed has acquired an extensive knowledge of these cases, having represented them since 2001. They argue that, in contrast, it will take a substantial amount of time for a substitute counsel to gain that same familiarity with the cases.

The Objectors cite numerous cases in support of their argument that the plaintiffs can not demonstrate substantial hardship. *See, e.g., Tese–Milner, Trustee v. Beeler (In re Hampton Investors L.P.)*, 289 B.R. 563, 586 (S.D.N.Y.2003); *Ulster Scientific, Inc. v. Guest Elchrom Scientific AG*, 181 F.Supp.2d 95, 105 (N.D.N.Y.2001); *Neufeld v. Neufeld*, 1994 WL 267811, 1994 U.S. Dist. LEXIS 7923 (S.D.N.Y. June 15, 1994); *MacArthur v. Bank of New York*, 524 F.Supp. 1205, 1210 (S.D.N.Y.1981); *Norman Norell, Inc. v. Federated Dept. Stores Inc.*, 450 F.Supp. 127 (S.D.N.Y. 1978); *U.S. ex rel. Sheldon Electric Co. v. Blackhawk Heating & Plumbing Co.*, 423 F.Supp. 486 (S.D.N.Y.1976). But the majority of those cases involve disqualifying the attorney who is going to be called as a witness, not that attorney's law firm. Moreover, although some of those cases involve attorneys with lengthy relationships with their clients, none of them appear to rise to the level of complexity of these bankruptcy cases, the oldest of which has been pending since 1989. It is also apparent that a delay in the resolution of this action does not merely affect the parties here. As noted, the Indiana Action has been stayed, pending the court's determination of the issues here.

*Prejudice*

The Objectors claim that they will be prejudiced if the entire Cozen firm is not disqualified, based on the mere fact that Cozen attorney Haas will likely testify. The Objectors contend that it will difficult "to cross-examine a witness who is also an adversary counsel concerning matters of fact, and, more particularly, on matters impeaching his credibility, within the bounds of propriety and courtesy owed to professional colleagues." *U.S. ex rel. Sheldon Electric Co. v. Blackhawk Heating & Plumbing Co.*, 423 F.Supp. 486, 489 (S.D.N.Y.1976). But in *Sheldon Electric*, the court only disqualified the entire law firm of the witness because it did not find substantial hardship would be caused by the disqualification. Moreover, the rules of professional conduct at issue in that case were substantially different from the local rule here.

It is also noteworthy that the Trustee, also a defendant, has no objection to Cozen's continued representation of the plaintiffs even though she will similarly have to cross-examine attorney Haas. Further, the plaintiffs have assisted in eliminating any potential prejudice by quickly bringing the question to the court's attention, so as to avoid a determination on the eve of trial.

For the foregoing reasons, the objection is OVERRULED, the motion for prospective relief under Rule 83.13(c) is GRANTED, and IT IS SO ORDERED.